IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MUTUAL BENEFIT INSURANCE CO.,   *

              Plaintiff,   *

vs.   *   CIV. ACTION NO. RDB-20-0069

R. GATES CONSTRUCTION CO., INC,
*et al.*,   *

             Defendants.   *

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM ORDER

Plaintiff Mutual Benefit Insurance Company ("Plaintiff") brings this declaratory judgment action against Defendants R. Gates Construction Co., Inc. ("R. Gates"), Ronald Gajewski ("Gajewski"), and Frank Tomczewski ("Tomczewski") (collectively, "Defendants"). (Compl., ECF No. 1.)  Plaintiff seeks a declaration of its right, duties, and liabilities under an insurance policy issued to Defendant R. Gates Construction Co, Inc.  (*Id.* ¶ 1.)  Plaintiff is currently providing a defense to Defendant R. Gates and its sole owner, Defendant Gajewski, in a lawsuit pending in the Circuit Court of Baltimore County, Maryland regarding an accident that resulted in injury to Defendant Tomczewski.  (*Id.* ¶ 2.); *see Frank Tomczewski v. Ronald T. Gajewski and R. Gates Construction Co., Inc.*, Case No. C-03-CV-19-002572.[1]

Plaintiff seeks a declaratory judgment that the insurance policy does not provide coverage for the underlying lawsuit because the policy excludes coverage for bodily injury to the insured's employees, including alleged employee Defendant Tomczewski.  Alternatively,

---

[1] The Plaintiff is providing a defense of both R. Gates Construction and Gajewski under a reservation of rights.  (Compl. ¶ 27, ECF No. 1.)

Plaintiff seeks rescission of the policy.  Defendants R. Gates and Gajewski filed an Answer asserting ten affirmative defenses: failure to state a claim; assumption of the risk, contributory negligence, estoppel, laches, payment, waiver, the applicable statute of limitations, *res judicata*, and unclean hands.  (ECF No. 15.)  Defendant Tomczewski filed a separate Answer asserting various affirmative defenses, including waiver, estoppel, retroactive denial, and adopting the affirmative defenses of Defendants R. Gates and Gajewski.  (ECF No. 12.)

Presently pending are Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendants R. Gates Construction Co., Inc. and Ronald Gajewski (ECF No. 19) and Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendant Frank Tomczewski (ECF No. 20).  Defendant Tomczewksi did not file a response.  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons stated herein, Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendants R. Gates Construction Co., Inc. and Ronald Gajewski (ECF No. 19) and Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendant Frank Tomczewski (ECF No. 20) will be GRANTED.

## STANDARD OF REVIEW

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  In addition, a court "may strike a defense that is clearly insufficient as a matter of law."  *Hanzlik v. Birach,* No. 09cv221 (JCC), 2009 WL 2147845, at *3 (E.D.Va. July 14, 2009) (citing *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.,* 123 F.Supp.2d 945, 949 (W.D.N.C.2000)).  Thus, a defense may be excised if it does not meet the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See McLemore v. Regions Bank,* No. 08–cv–021, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010).

This Court has held that affirmative defenses are subject to the pleading requirements articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), which requires that affirmative defenses be pled in such a way as to "ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a [ ] defense." *Bradshaw v. Hilco Receivables, LLC,* 725 F.Supp.2d 532, 536 (D. Md. 2010). While this pleading standard "does not require the assertion of all supporting evidentiary facts," it does require that, "[a]t a minimum, [ ] some statement of the ultimate facts underlying the defense ... must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant." *Ulyssix Techs., Inc. v. Orbital Network Engineering, Inc.,* No. ELH–10–2091, 2011 WL 631145, at *15 (D. Md. Feb. 11, 2011) (citation omitted). Moreover, this Court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 649 (D.Kan.2009).

Nevertheless, the United States Court of Appeals for the Fourth Circuit has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir.2001) (internal citations and quotations omitted).  Accordingly, "in reviewing motions to strike defenses, federal courts

have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.'" *Palmer v. Oakland Farms, Inc.,* 2010 U.S. Dist. LEXIS 63265, at *4, 2010 WL 2605179 (W.D.Va. June 24, 2010) (internal quotation omitted). Finally, when affirmative defenses are stricken, the defendant should normally be granted leave to amend. *Banks v. Realty Mgmt. Serv.,* 2010 U.S. Dist. LEXIS 7501, at *3, 2010 WL 420037 (E.D.Va. Jan. 29, 2010) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.2004)).

## DISCUSSION

Defendants' affirmative defenses of assumption of the risk, contributory negligence, estoppel, laches, payment, waiver, the applicable statute of limitations, *res judicata,* unclean hands, and retroactive denial are clearly insufficient and must be stricken.  First, none of these defenses contain any factual allegations whatsoever that meet the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, as set forth in *Twombly,* 550 U.S. 544, and *Iqbal,* 556 U.S. 662.  Instead, Defendants provide a boilerplate list of affirmative defenses without any corresponding factual allegations.  (*See* ECF Nos. 12, 15.)  This Court has previously noted that such "bare-bones assertions" do not suffice to "ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a [ ] defense." *See Bradshaw v. Hilco Receivables, LLC,* 725 F.Supp.2d 532, 536 (D. Md. 2010).

Second, several of these affirmative defenses are improper as a matter of law, and must be stricken accordingly.  The crux of this case is the determination of Plaintiff's rights and obligations under an insurance policy.  The tort defenses of assumption of the risk and contributory negligence are likewise inappropriate in this insurance coverage declaratory judgment action.  In addition, the defenses of laches and statute of limitations are inapplicable

here where plaintiff seeks declaratory relief.  In Maryland, "if declaratory relief is sought before there has been any breach of the obligation in respect to which said declaration is sought, or within the statutory period after the breach, the right to such relief is not barred by lapse of time." *Commercial Union Ins. Co. v. Porter Hayden Co.*, 698 A.2d 1167, 1193 (Md. 1997) (citations omitted); *see also Anderson v. Great Bay Solar LLC*, 221 A.3d 1050, 1084 n.29 (Md. Ct. Spec. App. 2019) ("A request for a declaratory judgment generally is not subject to the defense of laches.").  Plaintiff has not breached the insurance policy and has instead undertaken the defense of R. Gates and Gajewski in the underlying state action, subject to a total reservation of rights.  (Compl. ¶ 27, ECF No. 1.)

The defenses of laches and statute of limitations are also unavailable against Plaintiff's rescission claim.  The applicable statute of limitations for the equitable remedy of rescission in Maryland is the same as the "limitations period for an 'analogous' legal remedy." *Ver Brycke v. Ver Brycke*, 843 A.2d 758, 767 (Md. 2004).  Plaintiff's rescission claim also seeks restitution, a legal remedy which entails a three-year statute of limitations. *See Jason v. Nat'l Loan Recoveries, LLC*, 134 A.3d 421, 429 (Md. Ct. Spec. App. 2016) (citing Md. Code Ann., Cts. & Jud. Proc. § 5-101).  Plaintiff seeks to rescind the policy retroactive to the January 28, 2019 inception of the current policy period and the alleged injury in the underlying state lawsuit occurred on June 21, 2019.  (Compl. ¶ 65, ECF No. 1.)  Plaintiff filed suit in this Court on February 21, 2020.  (See Compl., ECF No. 1.)  Accordingly, the three-year statute of limitations does not preclude Plaintiff from bringing its rescission claim.  Nor does the affirmative defense of laches preclude Plaintiff's rescission claim as the "statutory limitations period" operates as a "benchmark for the application of laches." *See Lamone v. Schlakman*, 153 A.3d 144, 154 (Md.

2017)

Finally, Tomczewski's assertion of "retroactive denial" fails because the insurance policy at issue does not provide any coverage to Tomczewski.  The only relevant question pertaining to Tomczewski is whether he qualifies as an "employee" under the insurance policy such that the policy would deny coverage to Defendants R. Gates in the underlying lawsuit because the policy excludes coverage for bodily injury to the insured's employees.  Any assertion by Tomczewski that his "claim cannot, as a matter of law, be retroactively denied as a covered claim" is without any legal or factual basis.

Accordingly,  Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendants R. Gates Construction Co., Inc. and Ronald Gajewski (ECF No. 19) and Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendant Frank Tomczewski (ECF No. 20) are GRANTED.[2]

## **CONCLUSION**

For the foregoing reasons, IT IS THIS 28TH DAY OF SEPTEMBER, 2020 HEREBY ORDERED that:

1.  Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendants R. Gates Construction Co., Inc. and Ronald Gajewski (ECF No. 19) is GRANTED;

2.  Plaintiff's Motion to Strike Certain Affirmative Defenses of Defendant Frank Tomczewski (ECF No. 20) is GRANTED; and

3.   The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge

---

[2] Although defendants may normally be granted leave to amend when affirmative defenses are stricken, such leave would be inappropriate here where the asserted defenses fail as a matter of law and summary judgment briefing has already been completed.